IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TYRONE LEWIS-BEY** : | |
|        **Petitioner,** : | |
| : | |
| **v.** : | **CIVIL ACTION NO. 17-685** |
| : | |
| **DONNA WOELPPER,** *et al.* : | |
|        **Respondents.** : | |

## ORDER

**AND NOW,** this 10th day of August 2020, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, and all related filings, and upon review of the Report and Recommendation ("R&R") of United States Magistrate Judge Jacob P. Hart [Doc. No. 44], and the objections thereto, it is hereby **ORDERED** that:

1. The Objections are **OVERRULED**;

2. The Report and Recommendation is **APPROVED** and **ADOPTED in part**[1];

3. The Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE**;

4. There is no probable cause to issue a certificate of appealability[2]; and

---

[1] The R&R recommended that the petition be dismissed for failure to exhaust his claims in state court, stating that Petitioner had not yet filed a timely PCRA petition and still had time to do so. Petitioner filed objections (styled as an appeal) taking issue with the circumstances of the revocation of his probation, but he did not dispute the failure to exhaust. After the R&R was filed, Petitioner filed a PCRA petition in state court that does not appear to have been decided, and moreover, Petitioner's probation has now been terminated. *Commonwealth v. Lewis*, No. CP-51-CR-1626-2013 (Phila. Ct. Comm. Pl.). Under these circumstances, where it appears both that Petitioner has not exhausted his state-court remedies, and that he may no longer be in custody for purposes of 28 U.S.C. § 2254, a stay would not be appropriate. However, the petition is dismissed without prejudice, and if necessary, Petitioner may return to federal court once he has properly exhausted his remedies in state court or can otherwise demonstrate that he is able to obtain relief in federal court.

[2] There is no basis for concluding that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).

5. The Clerk of Court is directed to **REMOVE** the case from Civil Suspense and return it to the active docket and to **CLOSE** the case.

It is so **ORDERED**.

                                            **BY THE COURT:**
                                            **/s/ Cynthia M. Rufe**

                                            _____
                                            **CYNTHIA M. RUFE, J.**